UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNATHAN LINDSEY, SHEILA WILSON, and SIMONE WILSON, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL TEWS (#10773), GEORGE MOUSSA (#5509), LIBOY (#13447), M.J. PAPIN (#3020), UNKNOWN and UNNAMED CHICAGO POLICE OFFICERS, Individually, and the CITY OF CHICAGO, <br><br> Defendants. | Case No. 09 C 1078 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a four-count Complaint against Defendants on February 19, 2009. In Count IV, Plaintiff Johnathan Lindsey ("Lindsey") alleges a supplemental state claim, alleging all Defendants facilitated a malicious prosecution. Defendants move to dismiss Count IV of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 9.) For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiffs allege the following factual history. On or about July 11, 2008, at approximately 10:52 p.m., Plaintiffs were at or near 1550 S. Christiana Avenue in Chicago, Illinois. (Plaintiff Comp., ¶ 9). At that time, individual Defendants, Chicago Police Officers, approached Plaintiffs. (*Id.*, ¶ 10). Individual Defendants then handcuffed and subjected Lindsey to unreasonable and unnecessary force via the use of a

1

taser and mace. (*Id.*, ¶ 11). Lindsey was arrested without probable cause. (*Id.*, ¶ 15). Lindsey was charged with assault to a peace officer and resisting a peace officer. (*Id.*, ¶ 18). On or about October 24, 2008, the above-mentioned charges were dismissed in Lindsey's favor. (*Id.*, ¶ 19).

On February 19, 2009, Plaintiffs filed a suit against Defendants pursuant to 42 U.S.C. § 1983. In count IV, Lindsey filed a supplemental state-law claim. (*Id.*, ¶¶ 1, 38). Count IV of the Complaint alleges that the Defendants commenced a proceeding against Lindsey without probable cause. (*Id.*, ¶ 34). Count IV further alleges that "Defendants facilitated this malicious prosecution by the creation of false criminal complaints, false evidence, and/or by giving false police reports." (Plaintiff Comp., ¶ 35). Before this Court is Defendants' motion to dismiss Count IV pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

When considering a motion to dismiss under rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004) ("*Sprint*"). "Dismissal is warranted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Brown v. City of Chicago*, 2007 WL 601840 (N.D. Ill. 2007) ("*Brown*") (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001) ("*Sanville*") (citations omitted).

2

# ANALYSIS

In order to prove a claim of malicious prosecution, the plaintiff must show that he/she received a favorable termination. *Aguirre v. City of Chicago*, 382 Ill. App. 3d. 89, 96 (1st Dist. 2008) ("*Aguirre*") (citing *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996)). The parties dispute whether Plaintiff received a favorable termination.

In order for a criminal case to be terminated in the plaintiff's favor, "the circumstances surrounding the cessation of the criminal proceedings must compel an inference that reasonable grounds to pursue the criminal prosecution were lacking." *Neiman v. Keane*, 1999 WL 117694 (N.D. Ill. 1999) ("*Neiman*") (citing *Washington v. Summerville*, 127 F.3d 552, 557 (7th Cir. 1997)) (*Washington*). The court is to consider whether "the *nolle prosequi* was entered for reasons consistent with . . . innocence." *Id.* "The abandonment of the proceedings does not indicate the innocence of the accused when the *nolle prosequi* results from: an agreement or compromise with the accused." *Washington*, 127 F.3d at 557.

Defendants note that the charges against Lindsey in *People v. Johnathon Lindsey* 08-MC1-25368101, resulted in a *nolle prosequi*. (Defendants' Motion to Dismiss, pp. 3). However, Defendants contend that the resisting arrest charge against Lindsey was not terminated in his favor because the *nolle prosequi* was dependent upon a compromise in which Lindsey was required to complete twenty hours of community service. Defendants contend that Lindsey's *nolle prosequi* was part of a compromise with the prosecution; and, therefore Lindsey will not be able to prove that the *nolle prosequi* was consistent with innocence.

Lindsey contends that the *nolle prosequi* of the charge for resisting a peace officer

3

was consistent with his innocence because the prosecution lacked reasonable grounds to pursue the criminal prosecution. Lindsey argues that the twenty hours of community service were not ordered or required by the court but were a requirement for high school graduation and, therefore, not indicative of a compromise. Lindsey further points out that Defendants do not claim that a compromise is necessarily inconsistent with innocence, only that it is not proof of favorable dismissal.

Accepting the allegations of Lindsey's Complaint as true and construing all reasonable inferences in a light most favorable to him, it cannot be now determined that Lindsey lacks all possibility of supporting his claim of favorable dismissal of the criminal proceedings. Defendants have not shown that the *nolle prosequi* of Plaintiff's criminal case was necessarily a compromise. Nor have Defendants supplied any case law to support their assertion that a compromise would necessarily mean that Lindsey received an unfavorable termination. Though *Washington* clearly states that an agreement or compromise does not indicate innocence, an agreement or compromise does not require a finding of unfavorable termination. *Id.* Lindsey must be afforded the opportunity to prove a favorable termination. Therefore, it cannot be said that it appears beyond doubt that Lindsey cannot support his claim of favorable termination.

4

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Count IV of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

Dated: _8-19-09_

_____
JOHN W. DARRAH
United States District Court Judge